617 So.2d 447 (1993)
Bernard FARMER, Appellant,
v.
STATE of Florida, Appellee.
No. 92-01402.
District Court of Appeal of Florida, Second District.
April 30, 1993.
James Marion Moorman, Public Defender and A. Anne Owens, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
RYDER, Acting Chief Judge.
Bernard Farmer attacks the trial court's final judgment adjudicating him guilty of attempted second degree murder with a firearm and imposing costs of prosecution and attorney's fees. He raises three issues. We find no merit to either the first issue concerning the admission of the victim's photograph or the second issue concerning the imposition of costs pursuant to section 939.01, Florida Statutes (1991). We do, however, agree with appellant that the trial court erred in imposing attorney's fees without affording appellant notice and an opportunity to be heard.
The trial court imposed attorney's fees pursuant to section 27.56, Florida Statutes (1991). Appellant's counsel, a public defender, advised the court in the appellant's presence at the sentencing hearing that he intended to file a motion for attorney's fees for 41.5 hours at $50.00 per hour. The judge then discussed generally with the defendant that a civil judgment might be imposed against him for such costs. The final judgment specified only that attorney's fees would be assessed at a rate of $50.00 per hour. Appellant specifically elected not to waive notice of and the right to appear at a hearing to assess a reasonable fee for appointed counsel. The public defender's motion for attorney's fees filed three weeks later was not served on defendant. Appellant's first notice of the imposition of attorney's fees was his receipt of a copy of the judgment.
Prior notice is indispensable to the imposition of attorney's fees under section 27.56(1)(a). In the Interest of R.B., 582 So.2d 163 (Fla. 4th DCA 1991). Because appellant did not receive adequate prior notice of the imposition of attorney's fees, we reverse the assessment of attorney's fees. The trial court may conduct further proceedings with prior notice to appellant and an opportunity for a hearing on the assessment of attorney's fees. We otherwise affirm the judgment and conviction.
Reversed.
HALL and ALTENBERND, JJ., concur.