815 So.2d 191 (2002)
Jude REAUX on Behalf of Himself and as Natural Tutor for His Two Minor Children Ranada and Nikisha Reaux
v.
The CITY OF NEW ORLEANS.
No. 2001-CA-1585.
Court of Appeal of Louisiana, Fourth Circuit.
March 20, 2002.
Writ Denied June 14, 2002.
*193 Allen H. Borne, Jr., New Orleans, LA, for Plaintiff/Appellant.
Robert A. Preston, Jr., Assistant City Attorney, Mavis S. Early, City Attorney, Arlene Lombard, Assistant City Attorney, George C. Wallace, Jr., Chief Deputy City Attorney, New Orleans, LA, for Defendant/Appellant.
(Court composed of Judge CHARLES R. JONES, Judge MICHAEL E. KIRBY, and Judge MAX N. TOBIAS, JR.).
MAX N. TOBIAS, JR., Judge.
This wrongful death, survival, and personal injury action arose out of a vehicular accident that occurred at the intersection of North Derbigny and Forstall Streets in New Orleans. Forstall is a northbound, one-way street; North Derbigny is an intersecting, two-way street, running east and west. On the day of the accident, 2 December 1996, a stop sign facing the eastbound traffic on North Derbigny was missing. As a result, plaintiff, Jude Reaux, who was driving eastward on North Derbigny, proceeded through the intersection and collided with a vehicle travelling northbound on Forstall. Plaintiff, along with his wife, Robin Reaux ("Ms. Reaux"), and their daughter, Ranada Reaux ("Ranada"), who were both passengers in the Reaux vehicle, were taken to Charity Hospital and Medical Center of Louisiana at New Orleans for treatment following the accident. Plaintiff and Ranada were treated and released. Ms. Reaux, however, died at the hospital on 21 December 1996 from severe internal injuries sustained in the collision.
Plaintiff filed suit individually and on behalf of his minor children, Ranada and Nikisha Reaux, against defendant, the City of New Orleans ("the City"). The Medical Center of Louisiana at New Orleans intervened in the suit, seeking to recover $91,288.34, the medical expenses incurred by Ms. Reaux as a result of the accident. The parties stipulated at trial that two weeks prior to the Reaux accident the City received notice that the stop sign on North Derbigny at the intersection of Forstall was missing. They further stipulated that the City had actual and constructive notice of an earlier accident that occurred at 12 o'clock noon at the intersection on the same day as the Reaux accident.
Following a bench trial, the trial court gave lengthy reasons for judgment setting forth its findings of fact and conclusions of law. The court concluded that in view of the prior notice, the City had sufficient time to replace the missing stop sign, but failed to do so and, thus, found the City 85% at fault in causing the accident. The court also determined that Forstall was the favored street, and because plaintiff entered the intersection without first ascertaining whether it was safe to do so, he was 15% at fault. The trial court rendered judgment on 28 March 2001 in favor of the plaintiff, awarding him damages of $500,000.00 for the wrongful death of Ms. Reaux, and a total of $742,589.00 for their survival action and personal injury claims, subject to a reduction of 15% for the fault attributable to plaintiff. The judgment also awarded the Medical Center of Louisiana $93,381.55. The City and the plaintiff appeal from that judgment.
At the outset, we note that the trial court's judgment fails to cast anyone, including the City, in judgment, but neither the City nor the plaintiff raised as error the trial court's failure to do so. It is *194 apparent from the trial court's lengthy written reasons accompanying its judgment that it intended to cast the City in judgment, but inadvertently failed to do so in rendering the signed, written judgment.
A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. La. C.C.P. art. 1841. Pursuant to La. C.C.P. art. 1918, a final judgment shall be identified as such by appropriate language. Official Revision Comment (a) for La. C.C.P. art. 1918 provides:
In Louisiana the form and wording of judgments is not sacramental. .... Nonetheless, Louisiana courts require that a judgment be precise, definite and certain. See Russo v. Fidelity and Deposit Co., 129 La. 554, 56 So. 506 (1911).
In Borg-Warner Acceptance Corporation v. Whitlow Truck Center, Inc., 508 So.2d 857 (La.App. 5 Cir.1987), the plaintiff sued defendants Whitlow Truck Center, Inc. and Otis J. Whitlow and obtained a money judgment in its favor, but the judgment was defective because it did not name the defendant against whom it was rendered. The trial court, without the benefit of a motion for new trial, amended its judgment to state expressly that Otis J. Whitlow was the party cast. The plaintiff appealed. Citing La. C.C.P. arts. 1951 and 1971, the Fifth Circuit Court of Appeal concluded that the trial court had no authority to amend the substance of the final judgment without granting a new trial and that the only method for amending the substance of the final judgment was by appeal. The appellate court specifically stated:
As the plaintiff further points out, the original judgment .... is legally incorrect and unenforceable because it did not name the defendant cast. The failure to name any defendant against whom the judgment was rendered in a case with multiple defendants makes the judgment fatally defective, because one cannot discern from its face against whom the judgment may be enforced. [Emphasis added].
508 So.2d at 859.
The case of Scott v. State, 525 So.2d 689 (La.App. 1 Cir.1988) involved a medical malpractice suit against multiple defendants. The trial court gave written reasons for judgment and rendered a judgment in favor of the plaintiffs awarding them damages, but the judgment failed to cast any defendant in judgment. Also, neither the judgment nor the reasons for judgment expressed the degree of fault of each defendant as a percentage. The defendants suspensively appealed. Relying on the decision in Borg-Warner Acceptance Corporation v. Whitlow Truck Center, Inc., supra, the First Circuit Court of Appeal concluded the judgment did not determine the rights of the parties because it did not cast any defendant in judgment and did riot express the degree of fault of each defendant as a percentage as required by La. C.C.P. arts. 1917 and 1812(C). Pursuant to La. C.C.P. art. 2164[1], the appellate court reversed the trial court's judgment and remanded the case to the trial court for correction of the judgment.
Unlike the two above cited cases, which involved multiple defendants, the instant case involves only one defendant, the City. Because the reasons for judgment adequately set forth the trial court's findings of liability, the percentages of fault attributable to each party, and the amount of damages in this case, we find the trial *195 court's failure to specifically cast the City in judgment in its signed 28 March 2001 judgment does not render the judgment fatally defective under the circumstances. Also, we note that the City appealed, assigning as error the trial court's determination of fault. Thus, for all intents and purposes, the City has acknowledged that the trial court intended to cast it in judgment. Therefore, in the interest of judicial economy, we will consider the trial court's judgment as having cast the City in judgment and will amend the judgment accordingly.
On appeal, both the City and the defendant assign as error the trial court's determination of liability and allocation of fault. Quantum is not at issue. The City argues that the trial court erred in not finding plaintiff 100% at fault in causing the accident for violating La. R.S. 32:121. Plaintiff, on the other hand, contends that the trial court erred in finding him 15% at fault where the City breached its duty to maintain the traffic sign at the intersection. Plaintiff argues that in the absence of the stop sign on North Derbigny at the intersection of Forstall, the trial court's finding that Forstall was the favored street was clearly wrong.
A court of appeal may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978); Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
A high degree of care is imposed upon those responsible for maintaining traffic control devices. Bernard v. Campbell, 303 So.2d 884 (La.App. 1 Cir.1974). A public body is responsible for damages caused a motorist if the public body has either actual or constructive notice of the defect that causes an accident, and fails to remedy the situation within a reasonable time. Netterville v. Parish of East Baton Rouge, 314 So.2d 397 (La.App. 1 Cir.1975).
In view of the City's stipulation that it received notice two weeks prior to the Reaux accident that the stop sign on North Derbigny at the intersection of Forstall was missing and that it had actual and constructive notice of an accident that occurred four hours earlier on the same day at the intersection, we find no error in the trial court's finding the City at fault in causing the accident.
As to plaintiff's claim that the trial court erred in determining Forstall was the favored street, we note that the trial court, in its reasons for judgment stated:
Exhibit P-4, in globo, which are pictures of the scene of the accident, reflect that Forstall, as a one-way, major street, in which traffic was coming from the petitioner's right or passenger side, was the "favored" street, as compared to [North] Derbigny, such that the petitioner had some obligation to ensure that he had the right of way.
Also, it is well settled that a street properly designated as a right-of-way does not lose its preferred status merely because the stop sign is obliterated. Bessard v. Marcello, 467 So.2d 2 (La.App. 4 Cir.1985). After reviewing the photographs in evidence, we find no manifest error in the trial court's finding that Forstall, at the intersection of North Derbigny, was the favored street.
Regarding plaintiff's actions, the evidence is undisputed that the stop sign facing plaintiff's approach to the intersection was missing. However, that circumstance did not relieve plaintiff of his obligation to yield to the Forstall Street right-of-way. See La. R.S. 32:121, which provides in part, "When two vehicles approach or enter an intersection from different *196 highways at approximately the same time, the driver of the vehicle on the left, shall yield the right of way to the vehicle on the right."
At trial, plaintiff testified that he was not familiar with the intersection at Forstall and North Derbigny as he had never driven that route before the accident. At the time, he was driving between fifteen and twenty miles per hour and proceeded through the intersection without slowing down. Plaintiff admitted that as he approached the intersection he failed to turn and look in either direction down Forstall, but did glance out of the corner of his eye to check his side view to ascertain whether it was safe to cross. Plaintiff acknowledged that he had stopped for the stop sign on North Derbigny at Reynes Street, the block immediately before the intersection at Forstall. He also testified that at an uncontrolled intersection, when two vehicles approach at the same time, the vehicle to the right has the right-of-way. On cross-examination, plaintiff admitted that at his earlier deposition he did not mention looking out of the corner of his eye as he approached the intersection. In any event, had plaintiff used due care when approaching the intersection and more carefully looked down Forstall Street to his right he could have seen the other vehicle in time to prevent the collision. Under the circumstances, plaintiff was negligent in failing to exercise a greater degree of caution to ascertain that it was safe to cross the favored street. Thus, we find no error in the trial court's finding plaintiff also at fault in causing the accident.
Next, we consider whether the trial court erred in its allocation of fault.
The apportionment of fault among co-tortfeasors is a finding of fact that will not be set aside on appeal unless found to be manifestly erroneous or clearly wrong. Dupree v. City of New Orleans, 99-3651 (La.8/31/00), 765 So.2d 1002. In determining the percentages of fault, the Louisiana Supreme Court has stated that the trier of fact must consider both the nature of the conduct of all parties and the extent of the causal relationship between the conduct and the damages claimed. It notes five factors that may influence the degree of fault assigned: (1) whether the conduct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought. Watson v. State Farm Fire and Casualty Ins. Co., 469 So.2d 967, 974 (La.1985).
We find that the record supports that the trial court was not manifestly erroneous or clearly wrong in apportioning fault 15% to plaintiff and 85% to the City. The unsuspecting plaintiff was clearly unaware of the unreasonably dangerous condition presented by the missing stop sign. The City, on the other hand, had constructive notice that the stop sign on North Derbigny was missing more than two weeks prior to plaintiff's accident, but failed to remedy the hazardous condition. The City was clearly in a superior position to plaintiff to detect and take steps to eliminate the danger created by the missing stop sign.
Finally, plaintiff argues that the trial court's judgment fails to specify which party is responsible for the $93,381.55 awarded to the intervenor. As previously mentioned, it is clear from the record that the trial court intended to cast the City, the sole defendant, in judgment for the intervenor's award.
*197 Accordingly, the trial court judgment rendered on 28 March 2001 and appealed from is amended to read as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, Jude Reaux, individually and as natural tutor of Nikisha Reaux and Ranada Reaux, and against the defendant, the City of New Orleans, in the amount of $500,000.00 for their wrongful death action, pursuant to the statutory cap established by La. R.S. 13:5106, subject to a reduction of 15% for fault attributable to Jude Reaux.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, Jude Reaux, individually and as natural tutor of Nikisha Reaux and Ranada Reaux, and against the defendant, the City of New Orleans, awarding plaintiff $300,000.00 for Robin Reaux's survival claim; $2,000.00 for the loss of Robin Reaux's vehicle; $4,000.00 for Robin Reaux's funeral expenses; $30,569.00 for Robin Reaux's past lost income; $25,000.00 for loss of Robin Reaux's personal services; and $350,000.00 for Robin Reaux's future lost income, for a total amount of $711,569.00, subject to a reduction of 15% for fault attributable to Jude Reaux.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, Jude Reaux, individually, and against the defendant, the City of New Orleans, awarding Jude Reaux $3,270.00 for medical expenses; $6,900.00 for three months of lost wages; and $10,500.00 for pain and suffering, for a total amount of $20,670.00, subject to a reduction of 15% for his fault.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, Jude Reaux, as natural tutor of Ranada Reaux, and against the defendant, the City of New Orleans, awarding plaintiff $1,350.00 for Ranada Reaux's medical expenses and $9,000.00 for Ranada Reaux's physical pain and suffering, for a total of $10,350.00, subject to a reduction of 15% for fault attributable to Jude Reaux.[2]
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, Jude Reaux, individually and as natural tutor of Nikisha Reaux and Ranada Reaux, and against the defendant, the City of New Orleans, awarding plaintiff judicial interest from the date of judicial demand as well as the costs of the proceedings pursuant to Article 1920 of the Louisiana Code of Civil Procedure.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of intervenor, Charity Hospital and Medical Center of Louisiana at New Orleans, and against the defendant, the City of New Orleans, awarding intervenor the sum of $93,381.55.[3]
*198 As amended, the judgment is affirmed.
AMENDED AND AFFIRMED.
NOTES
[1] La. C.C.P. art. 2164 provides in pertinent part, "The appellate court shall render any judgment which is just, legal and proper upon the record on appeal."
[2] In Aucoin v. State Through Department of Transportation and Development, 97-1938, 97-1967 (La.4/24/98), 712 So.2d 62, the Louisiana Supreme Court held that when a parent brings suit as a [tutor] to recover medical expenses that belong to a child, the parent's recovery is not personal and cannot be reduced by the parent's percentage of fault. On appeal, plaintiff in this case failed to assert as error the trial court's reduction of the awards for medical expenses and pain and suffering to Ranada Reaux by 15% for the fault attributable to Jude Reaux. Therefore, we are precluded from amending the judgment to delete the 15% reduction applied to these awards.
[3] In addition to requesting the medical expenses incurred by Ms. Reaux, the Medical Center of Louisiana at New Orleans prayed for judicial interest from date of judicial demand and its costs, but the trial court failed to award it. Because intervenor neither appealed nor answered the appeals from the trial court's judgment, we are precluded from awarding it judicial interest and its costs.