874 So.2d 384 (2004)
Larry STACY, Plaintiff-Appellant
v.
MINIT OIL CHANGE, INC., et al., Defendant-Appellees.
No. 38,439-CA.
Court of Appeal of Louisiana, Second Circuit.
May 12, 2004.
*385 David R. Cook and Associates, by David R. Cook, Kent Gill, Shreveport, for Appellant.
Crawford & Anzelmo, by Donald J. Anzelmo, Monroe, for Appellees.
Before GASKINS, CARAWAY and MOORE, JJ.
MOORE, J.
Larry Stacy appeals a summary judgment dismissing his personal injury suit against his former employer, Minit Oil Change, arising from an aggravated assault by a co-worker during business hours. For the reasons expressed, we affirm.

Factual Background
Because the matter was decided by summary judgment, the facts are extracted from Stacy's two depositions, given in December 1996 and December 2002, and from the transcript of his workers' compensation trial, held in November 1997.
The incident occurred at Minit's former carwash near the corner of Southfield and Youree Drive in Shreveport. Stacy had *386 been employed for a month or two as a car washer; James Stevenson was also a car washer there. Stacy arrived at work a few minutes before opening on the morning of October 10, 1996. Stevenson had brought some homemade cookies. He offered some to Stacy, who took two; Stevenson complained that he took too many. Stacy offered to return one, but Stevenson declined. In his first deposition, Stacy referred to this as a "little confrontation"; in the second, he agreed the "bad blood started over the cookies."
Moments later, the carwash opened. An employee would drive the vehicles through the tunnel for machine washing; at the rear of the tunnel, Stacy (or other employees) would do "finish work." After Stacy finished the day's first vehicle, a Jeep, and returned it to the front, the customer asked him to get more bugs off the grille. Trying to please the customer, Stacy moved the Jeep to the side of the building.
Stacy's accounts of what touched off the altercation with Stevenson varied. At the trial of his compensation claim, Stacy testified that as soon as he stepped out of the Jeep, Stevenson came over, grabbed him and demanded, "Who do you think you are? You the boss?" In his first deposition, Stacy stated that Stevenson laid hands on him when he asked for the hose; in his second deposition, he indicated that the affray started after he finished re-touching the Jeep and returned it to the front of the carwash. In all three versions, the physical contact started behind the building when Stevenson grabbed Stacy by the shoulder and tried to wrestle him down. They tussled over to the carwash rack, where Stacy slipped down and Stevenson reached for a paint bucket, as if to strike Stacy with it. The handle came off the bucket, however, and Stacy darted out the rear of the building. Stevenson picked up a 1 ½-foot piece of pipe and headed to the front to speak to the manager, Mr. Fawcett. Not wishing to be unarmed, Stacy grabbed a slightly shorter piece of pipe and ran up to where Stevenson and Fawcett were standing.
When Stacy reached the front, Mr. Fawcett stood between the two scufflers and demanded to know what was the matter. He then instructed them both to hand over their pieces of pipe. Stacy complied. Stevenson, however, made a gesture and struck Stacy in the head with his pipe. The only thing Stacy could recall was being helped onto a stretcher some time after the assault. In the second deposition, Stacy admitted he did not actually see Stevenson hit him, and added, "Within my heart, I think he grabbed me behind [sic] the cookies. That's the only thing I can see, because me and James never had no confrontation."
Shortly after the incident, Stacy filed a disputed claim for workers' compensation benefits in the OWC. The case proceeded to trial after which the WCJ found the injury work-related for purposes of compensation and awarded benefits. This court affirmed the judgment in Stacy v. Minit Oil Change, 31,985 (La.App. 2 Cir. 6/16/99), 742 So.2d 929.
In October 1997, Stacy filed the instant tort suit seeking general and special damages. In May 2003, Minit filed this motion for summary judgment. Minit contended that an employer is vicariously liable for the intentional torts of its employee only if those acts were in the course and scope of his employment. Baumeister v. Plunkett, 95-2270 (La.5/21/96), 673 So.2d 994. Minit conceded that the assault occurred in the course of Stevenson's employment, in that it happened during working hours and on the premises, but urged Stacy could not prove it was in the scope of employment, or that it served Minit's interest. In support, *387 Minit offered Stacy's first deposition, taken in conjunction with the comp claim.
Stacy opposed the motion, claiming he could produce "substantial evidence, both circumstantial and testimonial," that the intentional tort was employment-rooted. In support, he offered his second deposition as well as the workers' compensation trial transcript.
After a hearing in September 2003, the district court held that from the "two depositions of the plaintiff, this was a matter that dealt with the cookies and then just re-erupted into a more violent form." The court granted summary judgment and Stacy appeals.

Applicable Law
An employer is liable for a tort committed by its employee if, at the time, the employee was acting within the course and scope of his employment. La. C.C. art. 2320; Baumeister v. Plunkett, supra; Orgeron v. McDonald, 93-1353 (La.7/5/94), 639 So.2d 224. The course of employment refers to time and place. Benoit v. Capitol Mfg. Co., 617 So.2d 477 (La.1993). The scope of employment test examines the employment-related risk of injury. Id. For the employer to be vicariously liable, the tortious conduct of the employee must be "so closely connected in time, place, and causation to his employment duties as to be regarded as a risk of harm fairly attributable to the employer's business, as compared with conduct instituted by purely personal considerations entirely extraneous to the employer's interest." Barto v. Franchise Enterprises Inc., 588 So.2d 1353 (La.App. 2 Cir.1991), writ denied, 591 So.2d 708 (1992), quoting from LeBrane v. Lewis, 292 So.2d 216 (La.1974). An employer is not vicariously liable merely because its employee commits an intentional tort on the business premises during working hours. Scott v. Commercial Union Ins. Co., 415 So.2d 327 (La.App. 2 Cir. 1982).
In LeBrane v. Lewis, supra, the court articulated four factors in holding an employer liable for its supervisor's actions in stabbing a fellow employee:
(1) whether the tortious act was primarily employment rooted;
(2) whether the violence was reasonably incidental to the performance of the employee's duties;
(3) whether the act occurred on the employer's premises; and
(4) whether it occurred during the hours of employment.
LeBrane v. Lewis, 292 So.2d at 218.
The supreme court has subsequently held that not all four of these factors need be met to impose liability. Miller v. Keating, 349 So.2d 265 (La.1977). On the other hand, the employer is not vicariously liable merely because the employee commits an intentional tort on the employer's premises during working hours. Baumeister v. Plunkett, supra. A finding of course of employment, factors (3) and (4), without more, is insufficient to impose vicarious liability. Eichelberger v. Sidney, 34,040 (La.App. 2 Cir. 11/3/00), 771 So.2d 863, writ denied, XXXX-XXXX (La.2/9/01), 785 So.2d 827. A finding of scope of employment hinges on the predominant motive of the tortfeasing employee, whether the purpose of serving the employer's business actuated the employee to any appreciable extent. Ermert v. Hartford Ins. Co., 559 So.2d 467 (La.1990); Dickerson v. Piccadilly Restaurants Inc., 99-2633 (La.App. 1 Cir. 12/22/00), 785 So.2d 842.
A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to *388 material fact, and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966 B. Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of all except certain disallowed actions; the procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966 A(2); Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191. After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law shall be granted. La. C.C.P. art. 966 C(1).
Summary judgment is seldom appropriate for determinations based on subjective facts of motive, intent, good faith, knowledge or malice. Smith v. Our Lady of the Lake Hosp., 93-2512 (La.7/5/94), 639 So.2d 730; Oaks v. Dupuy, 32,070 (La.App. 2 Cir. 8/18/99), 740 So.2d 263, writ not cons., 99-2729 (La.11/24/99), 750 So.2d 993. Nevertheless, summary judgment may be granted on subjective intent issues when no issue of material facts exists concerning the pertinent intent. Jones v. Estate of Santiago, XXXX-XXXX (La.4/14/04), 870 So.2d 1002, and citations therein.
On such a showing, summary judgment procedure may resolve a claim of vicarious liability arising from the intentional tort of an employee, allegedly acting within the course and scope of employment. Wearrien v. Viverette, 35,446 (La.App. 2 Cir. 12/5/01), 803 So.2d 297; Eichelberger v. Sidney, supra; Dickerson v. Piccadilly Restaurants, supra; Pye v. Insulation Technologies Inc., 97-237 (La.App. 5 Cir. 9/17/97), 700 So.2d 892, writ denied, 97-2571 (La.12/19/97), 706 So.2d 461.

Discussion
By one assignment of error, Stacy urges the district court erred in granting summary judgment. He recites the well-known standards under La. C.C.P. art. 966, stressing that subjective facts such as motive or intent are not usually suitable for summary judgment. Oaks v. Dupuy, supra. He agues that genuine issues of material fact remain as to whether the assault arose from the cookie dispute or an argument over how Stacy was doing his job. Despite the cookie incident, he urges the fight would not have occurred but for the fact that Stevenson challenged him for moving the Jeep. He submits that for this reason, the tortious act was "primarily employment rooted," thus satisfying the first factor of LeBrane v. Lewis, supra; together with his uncontested showing as to the third and fourth factors, he contends the evidence does not show, as a matter of law, that Minit is entitled to judgment dismissing his tort claim. Finally, he cites cases in which workplace brawls were found to be employment-rooted and to result in vicarious liability.[1]
Minit urges that the scope of employment requires a finding that the tortious act was (1) primarily employment rooted, and/or (2) reasonably incidental to the performance of the employee's duties. LeBrane v. Lewis, supra. Minit argues that hitting Stacy with a pipe cannot possibly be primarily employment rooted or reasonably incidental to the performance of Stevenson's job as a car washer. Minit cites cases in which workplace disputes escalated into physical violence and yet the injuries were not found to be employment *389 rooted.[2] Minit strongly emphasizes Stacy's testimony, at the end of his second deposition, that "within his heart" he thought it all happened because of the cookies. Finally, Minit asserts that the 1996 and 1997 amendments to Art. 966 abolished the former jurisprudential presumption against summary judgments. Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41.
At the outset we note that the judgment in the compensation trial, which found that Stacy's injury was work-related, is not res judicata or law of the case with respect to his tort claim. Compensation benefits are activated by an accident "arising out of and in the course of the claimant's employment. La. R.S. 23:1031 A. By contrast, the employer's vicarious liability is premised on a tort committed by an employee in the course and scope of his employment. Baumeister v. Plunkett, supra. The compensation standard is different from, and broader than, the vicarious liability test. Mitchell v. AT & T, 27,290 (La.App. 2 Cir. 8/28/95), 660 So.2d 204, writ denied, 95-2474 (La. 12/15/95), 664 So.2d 456; Malone & Johnson, Workers' Compensation (13 La. Civil Law Treatise), § 144, fn. 1. In other words, the prior finding that Stacy's injury arose out of and in the course of Stacy's employment does not prove that Stevenson's assaultive conduct occurred in the course and scope of Stevenson's employment.
We have closely examined the record and find, contrary to Stacy's position, that Stevenson's motive or intent is not a genuine issue of material fact. In all three versions, Stacy testified that after they scuffled near the carwash rack, they separated. In the moments that intervened, Stevenson grabbed a piece of pipe and ran to speak to the manager; Stacy also found a pipe and went to meet his assailant. Mr. Fawcett ordered both men to hand over their pipes. This was a clear and immediate instruction to stop fighting. While Stacy complied, Stevenson hesitated, made a gesture and then planted the pipe on Stacy's head. After the initial, employment-related struggle, Stevenson blatantly disregarded Mr. Fawcett's intervention and direct order to stop the fighting. This conduct was clearly outside of Stevenson's assigned duties and antagonistic to Minit's objectives. Wearrien v. Viverette, supra; Barto v. Franchise Enterprises, supra; Dickerson v. Piccadilly Restaurants, supra. On the summary judgment evidence presented, striking Stacy with a pipe can be ascribed only to purely personal considerations entirely extraneous to Minit's interests. Baumeister v. Plunkett, supra; Wearrien v. Viverette, supra. For this reason, we find no genuine issue of material fact regarding Stevenson's motive or intent that would preclude summary judgment.
Stevenson's conduct also fails to satisfy the first two elements of the LeBrane v. Lewis test of vicarious liability. As noted above, the act of hitting Stacy in the head was not reasonably incidental to the performance of Stevenson's employment duties.
As for the second factor, Stacy's injuries resulted in part from Stevenson's displeasure at Stacy's job performance. The catalyst, however, is not enough to make the injury primarily employment-rooted. In cases such as LeBrane v. Lewis, supra, *390 and Menson v. Taylor, supra, the courts found that legitimate employment interests continued to actuate the employees and thus served the employers' interests. The same is not true here, as Stevenson flouted the manager's direct and immediate order to cease hostilities.
Stevenson's conduct is more akin to the jurisprudence analyzed in Wearrien v. Viverette, supra, in which tortfeasors deviated from their employers' interests despite an employment catalyst. For example, in Watkins v. International Service Syst., supra, an employee was supervising a janitorial crew at a manufacturing plant. He questioned another employee about property missing from the area cleaned by that employee. The supervisor found the missing items in a storage closet used by the employee. When the supervisor told him he would be suspended for theft, the employee attacked him. The employer was not responsible for the attack, as the employee's duties did not include theft and attacks on his supervisor, and such conduct did not further the employer's objectives. In Barto v. Franchise Enterprises Inc., supra, a supervisor discovered that an employee had taken money from the restaurant where they worked. The employee attacked the supervisor, but this conduct was outside the ambit of his assigned duties and did not further the employer's objectives.
Stevenson's act of hitting Stacy in the head after being told to hand over the piece of pipe was explicitly outside the ambit of his employment and diametrically opposed to Minit's objectives. There is no genuine issue of material fact as to whether this conduct was primarily employment-rooted and reasonably incidental to his employment duties. With no evidence as to the first two LeBrane factors, Stacy cannot prove scope of employment. This is fatal to his claim. Eichelberger v. Sidney, supra; Dickerson v. Piccadilly Restaurants, supra. Minit is therefore entitled to judgment as a matter of law.

Conclusion
For the reasons expressed, the summary judgment is affirmed at Stacy's costs.
AFFIRMED.
CARAWAY, J., dissents with written reasons.
CARAWAY, J., dissenting.
I respectfully dissent since I continue to hold to my dissenting view expressed in Eichelberger v. Sidney, 34,040 (La.App.2d Cir.11/3/00), 771 So.2d 863, writ denied, XXXX-XXXX (La.2/9/01), 785 So.2d 827. The LeBrane test has led in my opinion to arbitrary and inconsistent results and needs re-examination. Compare, for example, Benoit v. Capitol Mfg. Co., 617 So.2d 477 (La.1993), to the ruling in this case. The employer, which may be responsible for injuries to both of the combatant employees under the separate workers' compensation test, should not, in my opinion, also be responsible in tort unless it knew or should have known of the employee's propensity for violence. To the contrary, however, the slippery slope of LeBrane remains, requiring the employee's motives to be measured under the "primarily employment-rooted" and "reasonably incidental" to duty tests. Motives and reasonableness are usually not matters to be decided on summary judgment. Therefore, I would find that material issues of fact remain in this case.
NOTES
[1] LeBrane v. Lewis, supra; Benoit v. Capitol Mfg. Co., supra; Quebedeaux v. Dow Chemical Co., XXXX-XXXX (La.App. 1 Cir. 5/11/01), 809 So.2d 983, rev'd in part, 2001-2297 (La.6/21/02), 820 So.2d 542; Menson v. Taylor, XXXX-XXXX (La.App. 1 Cir. 6/27/03), 849 So.2d 836.
[2] Baumeister v. Plunkett, supra; Eichelberger v. Sidney, supra; Wearrien v. Viverette, supra; Pye v. Insulation Technologies, supra; Watkins v. International Service Syst., 32,022 (La.App. 2 Cir. 6/16/99), 741 So.2d 171, writ denied, 99-2129 (La. 10/29/99), 749 So.2d 640; Barto v. Franchise Enterprises, supra.