5 So.3d 291 (2009)
Johnny DAVIS and Connie Davis, Plaintiff-Appellees,
v.
Freda Johnson GREEN, Jameica Norwood, Wal-Mart Stores, Inc., Wal-Mart Associates, Inc., and State Farm Mutual Automobile Ins. Co., Defendant-Appellants.
No. 44,033-CA.
Court of Appeal of Louisiana, Second Circuit.
February 25, 2009.
Rehearing Denied April 2, 2009.
*293 Blanchard, Walker, O'Quin & Roberts by Paul M. Adkins, Scott R. Wolf, Shreveport, for Appellants.
David C. Hesser, Alexandria, Steven L. Prejean Mayer, New Orleans, Smith & Roberts, L.L.P. by Steven E. Soileau, Shreveport, for Appellees.
Before WILLIAMS, STEWART and MOORE, JJ.
MOORE, J.
Wal-Mart Louisiana, LLC appeals a judgment that found it vicariously liable for an auto accident caused by an off-duty associate in the parking lot of its store on Airline Drive in Bossier City. Finding legal and factual error, we reverse and render.

Factual Background
The associate, Freda Green, had been employed by Wal-Mart for seven years. On August 3, 2005, she completed her day's work, clocked out and walked to the parking lot. She was using a friend's car, a 1984 Olds Achieva, and left to pick up her child from daycare. After pulling out of her parking space, she drove across some parking lanes and came to a three-way intersection behind the Subway sandwich shop and Murphy Oil gas station on the northwest corner of the parking lot.
About this time, Johnny and Connie Davis were crossing that intersection in their 1997 Nissan Hardbody pickup. The Davises had the right of way. Green admitted that she either did not stop at all, or only slowed before pulling into the intersection; either way, she struck the driver's side of the Nissan. She felt she was creeping along at about 5 mph, but the Davises estimated she was doing 25-30. The police report described damage to each vehicle as moderate.
Connie Davis, a 48-year-old mother of five, was on medical leave from her job as a dealer at Horseshoe Casino because of serious neck pain. She had undergone a cervical fusion in February 2005, and by the time of the accident in August had still not returned to work, but testified that she was feeling very good and hoped to resume dealing soon. The impact from the collision, however, dealt her a serious setback, *294 necessitating a second back surgery. At the time of trial in March 2008, she was still complaining of pain. Her husband, Johnny, also a dealer at Horseshoe, sustained only temporary injuries in the crash.
Marking the three-way intersection was a pole, but it had no stop sign attached. A Wal-Mart security guard testified that he reported this to his superiors, who should have relayed it to store management, but he could not confirm that this happened. Also, there was no word "STOP" painted on the pavement, as seemed to be required by the architect's plan; however, there was a thick white stripe such as normally indicates "stop" on a parking lot. Ms. Green testified that she knew she was supposed to stop there but she just failed to do so.
Wal-Mart's Associate Handbook listed various regulations affecting associates in the parking lot, whether on duty or off. Most of these (rules against having guns, alcohol or controlled dangerous substances in their cars, and against soliciting, profanity or harassment of customers) had no bearing on this accident. However, associates were required to park in designated spaces away from the entrance, to park only in the direction of traffic, not to cut across parking spaces, and to obey the 10-mph speed limit. Ms. Green and the store manager, Ms. Leon, testified that associates were required, even after they clocked out, to assist customers with questions or problems, in the store or on the parking lot, and they would be paid for any extra time spent resolving customer issues.

Action of the District Court
The Davises sued Ms. Green; Ms. Norwood, the owner of the Achieva; State Farm, which was both Ms. Norwood's liability carrier and the Davises' UM carrier; Adams Consulting Engineers, which designed the parking lot, and its insurer; and Wal-Mart. Early in the proceedings, State Farm tendered its limits on both policies; the Davises dismissed State Farm, Ms. Green and Ms. Norwood, reserving their rights against the other defendants. Adams filed an exception of prescription, urging the peremption of La. R.S. 9:2772; the Davises conceded that this claim was prescribed. The matter went to trial against Wal-Mart only.
After a two-day bench trial, the district court filed a written opinion acknowledging Ms. Green had clocked out prior to the accident, but that the premises were still under Wal-Mart's control, including the parking lot. The court itemized various provisions of the Associate Handbook, especially its "regulations regarding the place and manor [sic] in which the employee is to park," and the testimony about the associates' duty while on break or after clocking out to assist customers. The court found that "until the employee completely leaves the premises that employee is a Wal-Mart representative." The court then found, as applicable law, that "there is a reasonable period while an employee remains on the employer's premises which is regarded as within the course and scope of employment." As authority, the court cited Duncan v. South Central Bell Tel. Co., 554 So.2d 214 (La.App. 2 Cir.1989), writ denied, 559 So.2d 125 (1990), and Johnson v. Gantt, 606 So.2d 854 (La.App. 2 Cir.1992), writ denied, 608 So.2d 196 (1992). The court concluded that Ms. Green was acting in the course and scope of her employment with Wal-Mart when she collided with the Davises. The court further observed that Ms. Green was breaking the 10-mph speed limit and that no stop sign was present. The court assessed damages of $564,644.03 in favor of Ms. Davis and $26,598.76 in favor of Mr. Davis.
*295 Without a hearing, the court denied Wal-Mart's motion for new trial. This suspensive appeal followed.

Discussion: Applicable Law
By its first assignment of error, Wal-Mart urges the district court committed legal error in applying the wrong standard for vicarious liability. Wal-Mart submits that the standard quoted by the court ("There is a reasonable period while an employee remains on the employer's premises which is regarded as within the course and scope of employment") is not the standard for finding vicarious liability under La. C.C. art. 2320, but rather that for finding an accident work-related under the Workers' Compensation Act. The case cited by the court, Duncan v. South Central Bell, supra, was a workers' compensation case in which vicarious liability under Art. 2320 was never an issue. Wal-Mart shows that an employee's misconduct may "arise out of and [occur] in the course of" employment, entitling him to workers' compensation under La. R.S. 23:1031, but still not occur "in the course and scope of" employment to make the employer vicariously liable. In fact, this precise result occurred in Stacy v. Minit Oil Change, 38,439 (La.App. 2 Cir. 5/12/04), 874 So.2d 384. Wal-Mart shows that the other case cited by the court, Johnson v. Gantt, supra, involved an off-duty employee who was actually attempting to perform an employment duty; as Ms. Green was neither performing nor attempting to perform any employment duty, that case does not apply. Wal-Mart concludes that because the court committed legal error, its findings are subject to de novo review.
The Davises respond that in determining whether an employment relationship exists, the most important element is the employer's right of control, whether exercised or not. Savoie v. Fireman's Fund Ins. Co., 347 So.2d 188 (La.1977); Woolard v. Atkinson, 32,322 (La.App. 2 Cir. 7/16/08), 988 So.2d 836. They reiterate that by 16 separate directives in the Associate Handbook, Wal-Mart dictated where Ms. Green could park and how fast she could drive, prohibited her from driving over parking spaces, and most tellingly required her to help customers even when she was off-duty, and paid her for it; all these things subjected her to Wal-Mart's control. The Davises also dispute that there is any dichotomy between the tort concept of vicarious liability and the workers' compensation concept of "arising out of and in the course of," urging that this court used the terms interchangeably in Johnson v. Gantt, supra. They dispute the need for de novo review, and argue that the district court's findings are not manifestly erroneous. Russell v. Noullet, 98-0816 (La.12/1/98), 721 So.2d 868; Stobart v. State, 92-1328 (La.4/12/93), 617 So.2d 880.
We are constrained to agree that the district court applied the wrong law to this case. The court's guiding principle, taken from Duncan v. South Central Bell, is the standard of workers' compensation liability under La.R.S. 23:1031. It has no bearing on a tort claim based on vicarious liability under C.C. art. 2320. Further, we reject the suggestion that the principles are the same. Since the rendition of Duncan, this court has repeatedly held that the "work-related" standard for compensation liability is broader than, and not to be confused with, the "course and scope" standard for vicarious liability. Mitchell v. AT & T, 27,290 (La.App. 2 Cir. 8/28/95), 660 So.2d 204, fn. 5, writ denied, 95-2474 (La. 12/15/95), 664 So.2d 456; Stacy v. Minit Oil Change, supra; see also, Malone & Johnson, Workers' Compensation (13 La. Civ. Law Treatise, 4 ed.), § 144, fn. 1. We also find that the other authority cited by the district court, Johnson v. Gantt, simply *296 does not state the proposition for which it is cited.
From a plain reading of the district court's written reasons, we are convinced that an application of the wrong law misguided its legal analysis and influenced its factual findings. We are therefore obligated to review the entire record under the correct legal standard. Evans v. Lungrin, 97-541 (La.2/6/98), 708 So.2d 731.

Course and Scope of Employment
By its second assignment of error, Wal-Mart urges that the court erred in finding Ms. Green within the course and scope of her employment when the accident occurred. Wal-Mart contends that the proper interpretation of La. C.C. art. 2320 is that vicarious liability "will attach only if the employee is acting within the ambit of his assigned duties and in furtherance of his employer's objectives." Wearrien v. Viverette, 35,446 (La.App. 2 Cir. 12/5/01), 803 So.2d 297. Ms. Green was off-duty, leaving the premises and on a completely personal mission, satisfying none of the criteria set out in Orgeron v. McDonald, 93-1353 (La.7/5/94), 639 So.2d 224. Further, under the "coming and going" rule, an employee leaving work in her own car is not in the course and scope of employment. Keen v. Pel State Oil Co., 332 So.2d 286 (La.App. 2 Cir.1976). Finally, the regulations in the Associate Handbook neither caused nor contributed to the accident, and did not convert her personal mission into service on behalf of Wal-Mart. When the employer has only a marginal relationship to the tortious conduct, vicarious liability undermines the "course and scope" analysis and will not be sustained. Reed v. House of Decor, 468 So.2d 1159 (La.1985).
The Davises respond that Wal-Mart had the right to control Ms. Green's conduct in the parking lot, and this fact supports a finding that she was acting within the course and scope of employment. They further argue that despite the "coming and going" rule, an employer can be vicariously liable for an accident that occurs when the employee is driving to work. Orgeron v. McDonald, supra; Suhor v. Medina, 421 So.2d 271 (La.App. 4 Cir.1982). They contend that many cases have found vicarious liability for the conduct of employees who have already checked out, such as Johnson v. Gantt and Mitchell v. Brookshire Grocery Co., 26,755 (La.App. 2 Cir. 4/5/95), 653 So.2d 202, writ denied, 95-1115 (La.6/16/95), 655 So.2d 339. Finally, they submit that the district court found an additional basis of liability in that the stop sign was missing. In support, they urge that a public body owes a high duty of care to maintain stop signs. Reaux v. City of New Orleans, XXXX-XXXX (La.App. 4 Cir. 3/20/02), 815 So.2d 191, writ denied, XXXX-XXXX (La.6/14/02), 817 So.2d 1158; Tucker v. Pinder, 93-563 (La.App. 3 Cir. 2/2/94), 631 So.2d 735, writs denied, 94-0547, 94-0515 (La.4/7/94), 635 So.2d 1138. They conclude that the breach of this duty further supports finding Wal-Mart liable.
The basis of employer liability for an employee's tort is La. C.C. art. 2320, which provides in pertinent part:
Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed.
An employer is liable for a tort committed by its employee if, at the time, the employee was acting within the course and scope of her employment. Baumeister v. Plunkett, 95-2270 (La.5/21/96), 673 So.2d 994. The course of employment refers to time and place; scope refers to the employment-related risk of injury. Benoit v. Capitol Mfg. Co., 92-2920 (La.4/12/93), 617 So.2d 447. For the employer to be vicariously liable, the employee's tortious conduct must be "so closely connected in *297 time, place, and causation to his employment duties as to be regarded as a risk of harm fairly attributable to the employer's business, as compared with conduct instituted by purely personal considerations entirely extraneous to the employer's interest." LeBrane v. Lewis, 292 So.2d 216 (La.1974); Woolard v. Atkinson, supra. Factors useful in determining whether the employee's act was employment-related include the payment of wages by the employer; the employer's power of control; the employee's duty to perform the act in question; the time, place and purpose of the act in relation to the employment; the relationship between the employee's act and the employer's business; the benefits received by the employer from the act; the employee's motivation for performing the act; and the employer's reasonable expectation that the employee would perform the act. Orgeron v. McDonald, supra; Woolard v. Atkinson, supra.
An employee going to or coming from work is generally not considered as acting in the course and scope of employment so as to make the employer liable to third persons for the employee's negligence. Orgeron v. McDonald, supra; Woolard v. Atkinson, supra. Exceptions may apply when the employer provides, or pays the employee for, transportation to and from work, or when the operation of the vehicle was incidental to some employment responsibility. Woolard v. Atkinson, supra. The enforcement of an employer's rules and standards of conduct is not, in itself, sufficient to establish that an employee acted within the course and scope of employment. Hanson v. Benelli, XXXX-XXXX (La.App. 4 Cir. 9/30/98), 719 So.2d 627, writ denied, 98-2754 (La.1/8/99), 735 So.2d 632.
The record evidence will not support a finding that Ms. Green was acting in the course and scope of her employment when this accident occurred. She had completed her day's work and clocked out, placing her outside the time element of her employment. Admittedly, she was still on Wal-Mart's property, and in other circumstances this could satisfy the place element. However, she was driving her (borrowed) car, leaving and almost completely off the parking lot when the accident happened. As she was going from work, an activity for which she was not paid, she was not in the course of her employment. Orgeron v. McDonald, supra; Woolard v. Atkinson, supra.
The evidence pertaining to the scope of her employment is even less impressive. She was not receiving wages for driving away from work; her purpose in driving to the daycare, and in running into the Davises, was utterly irrelevant to Wal-Mart's business; these acts conferred no benefits upon Wal-Mart; and her motivation was completely personal, not businessrelated. Admittedly, Wal-Mart must expect that every associate will need transportation to and from work, but not that associates will injure third parties in the process. In short, as to the vast majority of the factors set out in Orgeron and Woolard, the evidence does not support a finding that Ms. Green was in the scope of her employment.
The Davises strongly contend that they proved the crucial and decisive factor, right of control, and there is some evidence to this effect. Wal-Mart plainly would have expected Ms. Green to stop and assist customers any time before she left the parking lot; this is a modicum of control, and it would tend to prove a point not at issue, that Ms. Green was an employee instead of an independent contractor of Wal-Mart. Factually, however, she was not assisting customers or serving Wal-Mart in any way, but hurrying off the premises as fast as possible, distinguishing *298 the case from Johnson v. Gantt, supra. Moreover, Ms. Green admittedly flouted most of the regulations set out in the Associate Handbook by breaking the speed limit, driving over marked parking spaces, failing to yield at the three-way intersection and T-boning the Davises' truck. The fact that she may have been subject to discipline for these infractions did not bring her into the course and scope of Wal-Mart's employment. Hanson v. Benelli, supra. In short, the evidence of right of control withers under scrutiny and does not counteract the overwhelming evidence that Ms. Green was no longer in the course and scope of her employment.
Finally, the Davises correctly show that Wal-Mart failed to notice and correct the missing stop sign at the intersection. The district court noted this almost as obiter dictum, without explaining how it contributed to liability. The Davises contend that Wal-Mart's duty of care to maintain its stop sign is analogous to that of a public body as in Reaux v. City of New Orleans and Tucker v. Pinder, supra, and conferred knowledge of the defect. However, under the duty-risk analysis, the plaintiff must prove that the defendant's action or property was a cause in fact of the plaintiff's injury. Hebert v. Rapides Parish Police Jury, XXXX-XXXX (La.4/11/07), 974 So.2d 635; Edwards v. Horstman, 96-1403 (La.2/25/97), 687 So.2d 1007. Ms. Green testified that she knew she should stop at the intersection, but she simply failed to do so. There is no showing that a stop sign, more probably than not, would have made a difference. Jones v. Hawkins, 98-1259 (La.3/19/99), 731 So.2d 216. Without the showing of causation, there is no liability. The judgment will be reversed.

Conclusion
The evidence does not support the conclusion that Ms. Green was acting in the course and scope of her employment when she collided with the Davises. The judgment casting Wal-Mart for the plaintiffs' damages is reversed and judgment is rendered dismissing their petition. All costs are to be paid by the plaintiffs, Johnny and Connie Davis.
REVERSED AND RENDERED.
APPLICATION FOR REHEARING
Before WILLIAMS, STEWART, GASKINS, DREW and MOORE, JJ.
Rehearing denied.