Judgment rendered April 14, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,898-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

CYNTHIA WALKER                                    Plaintiff-Appellant

versus

DOLLAR TREE STORES, INC.,                         Defendants-Appellees
SAFETY NATIONAL CASUALTY
CORPORATION, AND
JOSEPH RASHAUN WIMBERLY

* * * * *

Appealed from the
Second Judicial District Court for the
Parish of Jackson, Louisiana
Trial Court No. 35,943

Honorable Jimmy C. Teat, Judge

* * * * *

THE McGLOTHEN LAW FIRM, LLC          Counsel for Appellant
By: Terry McGlothen

BREAZEALE, SACHSE & WILSON, LLP       Counsel for Appellees,
By: Kelsey A. Clark                   Dollar Tree Stores, Inc.
                                      and Safety National

THE TRUITT LAW FIRM                   Counsel for Appellee,
By: Jack E. Truitt                    Joseph R. Wimberly

* * * * *

Before STEPHENS, THOMPSON, and BLEICH (*Pro Tempore*), JJ.

**BLEICH, J. (*Pro Tempore*).**

The plaintiff, Cynthia Walker, appeals a judgment granting the exception of no cause of action filed by the defendants, Dollar Tree Stores, Inc. ("Dollar Tree"), and Safety National Casualty Corporation ("Safety National"). The trial court dismissed all of plaintiff's claims against Dollar Tree and Safety National. For the following reasons, we affirm.

## FACTS ALLEGED

On September 25, 2018, Cynthia Walker ("Walker") went to the Dollar Tree store located on Old Winnfield Road in Jonesboro. While shopping, Walker noticed that a store employee, Joseph Wimberly ("Wimberly"), seemed to be following her down multiple aisles. Then, in one aisle, Wimberly physically bumped into Walker while he was apparently stocking items on a shelf and he apologized. Then, while Walker was in an aisle near the back of the store, Wimberly approached and asked about her interest in a product. When Walker again looked at the shelf and turned her back toward Wimberly, he suddenly stepped behind her and started rubbing himself up and down on her buttocks. After Walker cried out and said to stop this unwanted touching, Wimberly scurried away. Walker then reported the incident to other store employees and to the Jonesboro Police Department.

## TRIAL COURT PROCEEDINGS

Subsequently, the plaintiff, Cynthia Walker, filed a petition for damages against the defendants, Wimberly, Dollar Tree, and its insurer, Safety National. Plaintiff alleged that Dollar Tree was vicariously liable for the injuries caused by the acts of its employee and that Safety National had issued an insurance policy providing coverage for plaintiff's damages. In

response, Dollar Tree and Safety National filed an exception of no cause of action asserting that plaintiff's petition failed to plead sufficient facts to show that Wimberly was acting in the course and scope of his employment.

Plaintiff then filed an amended petition alleging multiple claims against the defendants, including negligence under La. C.C. art. 2316 and commission of sexual battery against Wimberly, along with negligence under La. C.C. art. 2315, violation of the Merchant Liability Statute, vicarious liability, and liability for bad faith handling of claims under La. R.S. 22:1892 and 22:1973 against Dollar Tree and Safety National. Defendants, Dollar Tree and Safety National, filed a second exception of no cause of action alleging that the amended petition failed to state facts showing Dollar Tree's independent negligence or that Wimberly's acts were reasonably incidental to his employment duties. Defendants also alleged that the Merchant Liability Statute did not apply in this matter and that plaintiff could not establish the elements of her claim for bad faith. In her opposition to the exception, plaintiff acknowledged that she did not have a claim under the Merchant Liability Statute.

After a hearing on the exception, the trial court granted the defendants' exception of no cause of action, citing *Manning v. Dillard Dept. Stores, Inc.*, 99-1179 (La. 12/10/99), 753 So. 2d 163; *Baumeister v. Plunkett*, 95-2270 (La. 5/21/96), 673 So. 2d 994; and *Guillaume v. Brookshire Grocery Co.*, 50,745 (La. App. 2 Cir. 6/29/16), 198 So. 3d 204. The trial court rendered judgment granting the exception and dismissing all claims of plaintiff against Dollar Tree and Safety National. Plaintiff appeals the judgment.

2

## DISCUSSION

The plaintiff contends the trial court erred in granting the exception of no cause of action. Plaintiff argues that the petition alleges sufficient facts to support a cause of action against defendants for negligence, vicarious liability, and bad faith.

The function of the exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy based on the facts alleged in the pleading. *Fink v. Bryant*, 01-0987 (La. 11/28/01), 801 So. 2d 346. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931. When considering the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. A petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that plaintiff can prove no set of facts in support of any claim which would entitle him to relief. *Fink v. Bryant, supra.* In reviewing a trial court's ruling on an exception of no cause of action, an appellate court applies a *de novo* standard of review. *Kinchen v. Livingston Parish Council*, 07-0478 (La. 10/16/07), 967 So.2d 1137.

Employers are liable for the damage caused by their employees in performing the functions for which they are employed. La. C.C. art. 2320. An employer is liable for a tort committed by an employee if, at the time, the employee was acting within the course and scope of his employment. The course of employment refers to time and place. The scope of employment test examines the employment-related risk of injury. *Baumeister v. Plunkett, supra*; *Stacy v. Minit Oil Change, Inc.*, 38,439 (La. App. 2 Cir. 5/12/04), 874 So. 2d 384. A finding of scope of employment hinges on the predominant

3

motive of the tortfeasing employee, whether the purpose of serving the employer's business actuated the employee to any appreciable extent. *Ermert v. Hartford Ins. Co.*, 559 So. 2d 467 (La. 1990).

In determining whether an employer is liable for a worker's acts, the factors to consider include whether: 1) the tortious act was primarily employment rooted, 2) the act was reasonably incidental to the performance of the job duties, 3) the act occurred on the employer's premises, and 4) the act occurred during the hours of employment. *LeBrane v. Lewis*, 292 So. 2d 216 (La. 1974). These *LeBrane* factors are not exclusive and plaintiff need not meet all of the factors to impose liability. Even if the primary motive of the worker is to benefit himself, his tortious act may be within the scope of employment. *Miller v. Keating*, 349 So.2d 265 (La. 1977). An employer is not vicariously liable merely because an employee commits an intentional tort on the business premises during work hours. *Baumeister v. Plunkett, supra*; *Stacy v. Minit Oil Change, supra.*

For an employer to be vicariously liable for its employee's tortious acts, the conduct must be so closely connected in time, place, and causation to his employment duties as to be regarded as a risk of harm fairly attributable to the employer's business, as compared with conduct instituted by purely personal considerations extraneous to the employer's interest. *Baumeister v. Plunkett, supra*. The particular facts of each case must be analyzed to determine whether the employee's tortious conduct was within the course and scope of his employment. *Baumeister v. Plunkett, supra.*

In this case, plaintiff's petition alleges that Wimberly was performing job duties when he followed plaintiff down multiple aisles seemingly as part of the store's loss prevention practices, that he physically bumped into her

4

while stocking shelves, and then asked her about a product to get closer to her. The defendants assert that the petition's allegations do not show that Wimberly's tortious act was reasonably incidental to his work duties and do not state a cause of action for vicarious liability against them.

Based on the scant allegations of the petition that Wimberly's harmful conduct occurred at the employer's premises during work hours while he was performing his job duties, we find that plaintiff's petition does not state a cause of action for vicarious liability. Thus, the trial court did not err in granting the exception of no cause of action on this issue.

Plaintiff contends the trial court erred in granting the exception of no cause of action dismissing her claim of negligence under La. C.C. art. 2315. A claim against an employer for the tort of an employee based on the employer's alleged direct negligence in hiring, retaining, or supervising an employee is generally governed by the duty/risk analysis applied in negligence cases. *Griffin v. Kmart Corp.*, 00-1334 (La. App. 5 Cir. 11/28/00), 776 So. 2d 1226. Liability in negligence cases is assessed by applying the duty/risk analysis, which involves a determination of whether 1) the defendant owed a duty of care to plaintiff, 2) the defendant breached that duty, 3) the breach was a cause-in-fact and a legal cause of the harm, and 4) the plaintiff was damaged. *Hanks v. Entergy Corp.*, 06-477 (La. 12/18/06), 944 So. 2d 564.

In this case, the petition alleges that Dollar Tree, through the use of security cameras, had a duty to protect plaintiff from inappropriate touching by an employee and breached that duty by failing to provide proper training and adequate supervision of the employee to prevent the battery. Plaintiff also alleges that Dollar Tree breached a duty to investigate the incident that

caused her harm by failing to preserve and provide the police with any video evidence that existed and that this negligence was a cause of her harm.

Based upon the allegations in the petition taken as a whole, plaintiff did not sufficiently state a cause of action for negligence against Dollar Tree for failing to supervise its employee and to prevent harm to her. Allegations of purported duties, absent accompanying factual allegations of how the duties were breached, are insufficient to present a cause of action. Thus, the trial court was correct in dismissing this claim.

Plaintiff contends the trial court erred in dismissing her claim of bad faith by Dollar Tree and Safety National in handling her injury claim. Although plaintiff cited R.S. 22:1892 and 22:1973 in raising the claim of bad faith, the petition's allegations that defendants told the police there was no video evidence of the incident reported by plaintiff, but also represented to plaintiff that video evidence of the incident existed that did not support her allegation, would seem to state a cause of action under the Louisiana Unfair Trade Practices and Consumer Protection Act ("LUTPA").

Unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful. La. R.S. 51:1405. A person who suffers any ascertainable loss of money or movable property as a result of the use by another person of an unfair or deceptive act or practice declared unlawful by Section 1405 may bring an action individually to recover actual damages. La. R.S. 51:1409. Acts constituting unfair or deceptive practices are not specifically defined in the LUTPA but are determined on a case-by-case basis. Generally, acts which constitute unfair or deceptive practices involve fraud, misrepresentation, or other unethical conduct. *Cupp Drug Store, Inc.*

6

*v. Blue Cross & Blue Shield of La., Inc.*, 49,482 (La. App. 2 Cir. 1/7/15), 161 So. 3d 860, *writ denied*, 15-0571 (La. 5/22/15), 171 So. 3d 249.

In this case, the petition alleges that plaintiff's attorney was told by Safety National that the store's video evidence did not support her allegation against Wimberly and had been given to police, but later the attorney was allegedly informed by the police investigator that Dollar Tree had denied that any video of the incident existed. The range of prohibited practices under LUTPA is relatively narrow. *Cupp Drug Store, Inc. v. Blue Cross & Blue Shield, supra*. These allegations do not rise to that contemplated as unfair trade practices. The trial court was correct in sustaining the exception of no cause of action as to this issue.

Concerning the allegations of bad faith in settling plaintiff's claim pursuant to La. R.S. 22:1892 and 22:1973, these statutes apply only to insurers and only when a potentially viable underlying claim has been established. Dollar Tree is not an "insurer" as defined in the Insurance Code because it is not in the business of issuing insurance contracts. *Rawls v. City of Bastrop*, 38,449 (La. App. 2 Cir. 5/12/04), 873 So. 2d 934. The statutes do not provide a cause of action against an insurer for bad faith absent a valid underlying insurance claim. *Lee v. Sapp*, 17-0490 (La. App. 4 Cir. 12/6/17), 234 So. 3d 122; *Clausen v. Fidelity & Deposit Co. of Md.*, 95-0504 (La. App. 1 Cir. 8/4/95), 660 So. 2d 83, *writ denied*, 95-2489 (La. 1/12/96), 666 So. 2d 320. As a third-party claimant, plaintiff failed to assert any qualifying claims under Section 1973(B) and did not state a cause of action under the statutes. Thus, the trial court, as to all allegations in the petition, did not err in granting the peremptory exception of no cause of action.

**CONCLUSION**

For the foregoing reasons, the trial court's judgment is affirmed.

Costs of this appeal are assessed to the plaintiff, Cynthia Walker.

**AFFIRMED.**