YELVERTON, Judge.
The plaintiff, Kittye Brown Todd, was awarded $5,000 by a jury, payable out of her UM coverage of $25,000, for personal injuries caused by a collision with an unidentified vehicle. The plaintiff tried to establish that the car that hit her was one driven by Annie B. LeBlanc, but the jury found that Ms. LeBlanc was not involved in the accident. Ms. Todd appeals, asking us to hold that the jury was wrong in not finding Ms. LeBlanc was the driver of the hit-and-run car, and asking also that we increase the amount of the award. Finding no clear error as to its determination of fact, and no abuse of discretion as to its award, we affirm the judgment based on the verdict of the jury.
On August 15,1984, plaintiff was driving north on West Bayou Parkway near its intersection with South College Road in Lafayette. This intersection has two lanes for traffic turning right on South College Road. The plaintiff was in the inside, or left lane. As plaintiff was making the turn onto College, her vehicle was struck in the rear passenger door by another vehicle that was turning from the right lane. The plaintiff testified that she did not actually see any other vehicle strike her car.
After the impact, all traffic, including plaintiff, continued moving. A car passed plaintiff on her right. Thinking this was the car that hit her, plaintiff wrote down *834 its license number. She reported the accident to the police. The license number was traced to a car owned by Ms. LeBlanc.
Ms. Todd testified that she was rattled and shaken up by the accident. It is probable that the jury concluded she simply wrote down the license number of the first vehicle that passed her after the impact, believing that was the car that hit her. Ms. LeBlanc’s car must have been the first car that Ms. Todd saw after the impact.
During the police investigation Ms. Le-Blanc readily admitted that she was in the vicinity at about the time the accident occurred. She testified that she was not involved in an accident. She told the jury that if she had been in an accident she would have felt the impact and would have stopped. There were no paint smears nor scratches on the bumper or elsewhere on the LeBlanc car to indicate that she had been in an accident. There were no witnesses.
A plaintiff must prove his case by a clear preponderance of the evidence, which means the plaintiff need only show it is more probable than not that the cause of the harm, damage or injury was the fault of the defendant. Nailor v. International Harvester Company, 430 So.2d 784 (La.App. 5th Cir.1983).
Based upon the evidence contained in the record, Ms. Todd clearly did not meet this burden. At most she proved only that Ms. LeBlanc was in the general area where the accident occurred at about the same time as the accident. Ms. Todd failed to prove that it is more probable than not that Ms. LeBlanc was the perpetrator of the hit-and-run.
Whether the defendant was involved in this accident is a purely factual issue. On appeal, the trial court’s determinations of fact can not be disturbed unless they are clearly wrong. Canter v. Koehring Co., 283 So.2d 716 (La.1973). Based upon our review of the entire record, the jury was not clearly wrong and its verdict for Ms. LeBlanc must be affirmed.
Turning to the subject of damages, before a trial court award may be questioned as inadequate or excessive, the reviewing court must look first, not to prior awards, but to the individual circumstances of the present case. Reck v. Stevens, 373 So.2d 498 (La.1979). An examination of the facts in this case does not support appellant’s contention that the amount awarded by the jury was insufficient.
Immediately after the accident Ms. Todd told a police officer that she was not injured at all. A week later she began to feel neck pains. On September 10, three weeks after the accident, she went to see her personal physician, Dr. Shirley Coving-ton, an internist, who found muscle spasm in the neck and prescribed medication for pain. Dr. Covington did not see plaintiff until four months later when, on January 14, 1985, she had a sudden occurrence of pain in her upper back. This happened, according to what plaintiff told Dr. Coving-ton, when she bent over to pick up an onion top from off the floor. Dr. Covington referred Ms. Todd to Dr. William L. Meule-man, an orthopedic specialist. Dr. Meule-man discovered that plaintiff had fractured two vertebrae in her upper back. He testified that it was “highly probable” that the vertebrae were fractured on January 14, 1985, and not on the date of the car accident.
Ms. Todd, who was 79 years old at the time of the accident, also suffered from osteoporosis, which is a thinning or softening of the bone. To support his opinion that her fractures happened when she stopped to pick up the onion top, and not from the car accident, Dr. Meuleman testified that people with osteoporosis can sustain these type fractures by just sitting down.
Judging from the size of the award, it is probable that the jury believed Ms. Todd’s back was fractured in her kitchen and not in the accident, and there is evidence to support this conclusion. This would also explain why the jury apparently limited the recovery of medical expenses to the relatively small amount of her bills that were actually attributable to injuries suffered in this car accident. Ms. Todd has a very complex and detailed medical history and *835 has been treated for an assortment of ailments, including injuries from several other car accidents in the recent past.
Looked at in the light of all these circumstances, a $5,000 award to compensate appellant only for the pain in her neck which was of limited duration, and minor medical expenses, was not an abuse of discretion.
For the assigned reasons, the judgment appealed from is affirmed at appellant’s costs.
AFFIRMED.