J^MARION F. EDWARDS, Judge.
Appellants, Kim, Anthony and Amani Straughter, and American Freightways, appeal from the trial court’s ruling that granted summary judgment in favor of defendant, Government Employees Insur- *523 anee Company. For the following reasons, the judgment of the trial court is reversed.
FACTS AND PROCEDURAL HISTORY
On May 27, 1998, plaintiffs, Kim, Anthony and Amani Straughter, (“plaintiffs”), were driving on Interstate 10 in Mobile, Alabama, when an 18-wheeler attempted to enter into their lane of travel. The 18-wheeler hit the front of the Straughter’s vehicle, thereby causing it to run into a barrier on the highway. After hitting the plaintiffs vehicle, the truck did not stop at the scene. The Straughters claimed to have sustained various injuries as a result of the impact.
Although they did not provide a description of the 18-wheeler to the investigating officer at the time that they made an accident report, subsequently, plaintiffs Kim and Anthony Straughter identified the 18-wheeler as being in the 1 «employ of American Freightways, based upon writing they recalled seeing on the side of the trailer.
At the time of the accident, the plaintiffs were insured by Government Employees Insurance Company (“GEICO”). The GEICO policy provided uninsured motorist “Hit-and-Run” coverage to the Straught-ers.
On March 25, 1999, plaintiffs filed suit against John Doe, as driver of the 18-wheeler, and American Freightways as the employer of John Doe. Plaintiffs also sued GEICO, as their UM carrier, under the theory that GEICO would be compelled to provide coverage should plaintiffs not be able to prove the identity of the hit and run vehicle, or if American Freightways was found to be underinsured.
GEICO filed a Motion for Summary Judgment asserting that since plaintiffs had identified American Freightways as the operator of the 18-wheeler, they were prevented from making a claim under the UM “hit and run” portion of their policy. After a hearing on February 1, 2002, the trial court granted GEICO’s Motion for Summary Judgment, finding that the Straughters failed to show that the identity of the 18-wheelers owner or operator is unknown. The Straughters and American Freightways timely filed this appeal.
LAW AND ARGUMENT
In their first assignment of error, both the plaintiffs and American Freightways assert that the trial court erred in granting summary judgment because there is still a genuine issue of material fact regarding whether an American Freightways vehicle was involved in the accident.
Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate.[1] An appellate court must ask the same questions as does the trial court |4in determining whether summary judgment is appropriate: Whether there is a genuine issue of material fact remaining to be decided, and whether the appellant is entitled to judgment as a matter of law.[2] The appellate court must consider whether the summary judgment is appropriate under the circumstances of the case.[3] There must be a “genuine” or “triable” issue on which reasonable persons could disagree.[4] *524 Under the amended version of LSA-C.C.P. art. 966, the burden of proof remains on the mover to show “that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.” A material fact is one that would matter on the trial of the merits.[5]
The definition portion of the GEICO policy pertaining to “Hit and Run” accidents reads as follows:
“Hit^and-Run Auto” is a motor vehicle causing bodily injury to an insured through physical contact with him or with an auto he is occupying at the time of the accident and whose operator or owner cannot be identified ... [Emphasis provided].
At issue is whether or not the identification of American Freightways by Plaintiffs, as the owner or operator of the hit and run vehicle, is sufficient to preclude coverage under the GEICO policy.
The record shows that both Kim and Anthony Straughter, in their deposition testimony, stated that they were certain that the truck which caused the accident belonged to American Freightways. The trial court relied upon this testimony in making the determination that the identity of the hit and run vehicle’s owner or operator was known, concluding in its Reasons for Judgment:
| ^Because the owner of the truck has been identified, then the driver of the tractor-trailer can be ascertained. As such, GEICO, is not liable for damages that resulted from the accident and the owner, American Freightways, has liability insurance coverage in the amount of five million dollars which is sufficient to cover plaintiffs stipulated damages.
Appellants argue, however, that the trial court, in finding that the plaintiffs made a “valid” identification of the owner of the “hit and run” vehicle, has legally decided that American Freightways was the tort-feasor in the accident. Appellant, American Freightways, denies that its vehicle was involved in the accident, and asserts that this constitutes a genuine issue of material fact that should preclude summary judgment. American further argues that if the plaintiffs fail at trial to establish that American’s truck was indeed the hit and run driver that plaintiffs will have a claim against GEICO under the uninsured motorist provisions of their automobile insurance policy. We agree.
In Todd v. LeBlanc,[6] the Third Circuit considered a case where a plaintiff was the victim of a hit and run accident and believed that she had ascertained the identity of the hit and run driver. After being struck, the plaintiff wrote down the license plate of the vehicle that she thought had hit her. The license plate was traced to defendant, Doris LeBlanc. During the police investigation that followed, the defendant admitted that she was in the vicinity at the time that the accident occurred, but denied that she was involved. Other than the plaintiff, there were no witnesses to the accident. The jury determined at trial that LeBlanc was not the driver of the other vehicle, and the Third Circuit affirmed the jury’s finding.
In affirming the jury’s verdict in favor of LeBlanc, the court noted:
A plaintiff must prove his case by a clear preponderance of the evidence, which means the plaintiff need only show it is more probable than not that the cause of the harm, damage or injury was the fault of the defendant. Nailor *525 v. International Harvester Company, 430 So.2d 784 (La.App. 5th Cir.1983).
| (After our review of the record, we find the case of Todd to be similar to the present case in at least one important respect: As in Todd, in spite of identification made by the Slaughters, plaintiffs have not demonstrated at this point, by a clear preponderance of evidence, that the American Freightways truck was the vehicle which struck them and fled the scene. Therefore, we find a genuine issue of material fact that precludes summary judgment still exists in this case. Because of this finding, we pretermit discussion on appellants’ remaining assignment of error.
Accordingly, the judgment of the trial court is reversed.
REVERSED.

. Bua v. Dressel, 96-79 (La.App. 5th Cir.5/28/96), 675 So.2d 1191; writ denied, 96-1598 (La.9/27/96), 679 So.2d 1348; citing Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180.

. Tassin v. City of Westwego, 95-307 (La.App. 5th Cir.12/13/95), 665 So.2d 1272.

. Rowley v. Loupe, 96-918 (La.App. 5th Cir.4/9/97), 694 So.2d 1006.

. Id. at 1008.

. J.W. Rombach, Inc. v. Parish of Jefferson, 95-829 (La.App. 5th Cir.2/14/96), 670 So.2d 1305.

. 520 So.2d 833 (La.App. 3 Cir.1987).