986 So.2d 141 (2008)
SUCCESSION OF Yvonne Repak WILKINSON.
No. 07-CA-1038.
Court of Appeal of Louisiana, Fifth Circuit.
May 27, 2008.
*142 David L. Neeb, Attorney at Law Metairie, LA, for Plaintiff/Appellee.
Charles A. Kronlage, Jr., Kronlage & Kronlage, APLC New Orleans, LA, for Defendant/Appellant.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and WALTER J. ROTHSCHILD.
MARION F. EDWARDS, Judge.
This appeal involves the validity of a testament executed by Yvonne Repak Wilkinson ("Ms. Wilkinson") on February 10, 2003. Ms. Wilkinson died on November 14, 2004 in Jefferson Parish. Decedent had two children, Adolph W. Finnie, Jr. ("Mr. Finnie") and Joan Finnie Areaux ("Ms. Areaux"). Ms. Wilkinson was an interdict at the time of her death, and, in order to properly consider this issue, this Court must begin with a review of the interdiction proceedings.
It is apparent from portions of the record before us that decedent was an elderly woman who was suffering from Alzheimer's.[1] Decedent's progressive dementia *143 and inability to handle her affairs before her death are also evidenced by the fact that she executed a power of attorney if favor of her son, Mr. Finnie, on August 20, 2002.[2]
In 2003 decedent's granddaughter, Cheryl Legendre Miller (Ms. Areaux's daughter) ("Ms. Miller"), apparently displeased with the handling of her grandmother's financial affairs, had her grandmother execute a will naming Ms. Miller as executrix. Shortly afterward, Ms. Miller instituted an interdiction proceeding against her grandmother. The interdiction was in a separate proceeding, and the entire record of that proceeding is not before this Court. However, it is apparent that the trial court conducted a full hearing at which it considered testimony of the family and reports of expert psychiatrists, including one appointed by the court. Ultimately, the trial court rendered a judgment of interdiction on March 26, 2004, which appointed Betty Landreaux ("Ms. Landreaux")[3] as curatrix and Ms. Miller as undercuratrix.
In that judgment the trial court stated:
IT IS FURTHER ADJUDGED AND DECREED that Yvonne Wilkinson has lacked the capacity, and has been incompetent as a matter of law since at least October 18, 1999; accordingly, any acts which she performed after October 18, 1999, relating to any assets which she owned, including, but not limited to powers of attorney, last wills and testaments, gifts or transfers of money or other things of value to any one, are hereby declared to be invalid, null and void, and all recipients thereof, whether by gift, transfer, contract or otherwise, are ordered to return to the curatrix for the interdict any money or things of value which they received from Yvonne Wilkinson since October 18, 1999.
Thus, this judgment effectively invalidated the power of attorney in favor of Mr. Finnie and the testament at issue herein. The interdiction judgment was never appealed and has become final.
The family came together at that time to return all of the money taken from Ms. Wilkinson to her accounts. Evidence of that is a June 4, 2004 consent judgment to return property to the estate in accordance with the judgment of interdiction. Mr. Finnie agreed to reimburse Ms. Wilkinson the amount of $34,929.29. Mr. Finnie also agreed that his pay could be garnished to accomplish the reimbursement. Craig Finnie, Ms. Wilkinson's grandson, was ordered to return $21,137 to Ms. Wilkinson's account. Other family members, including Ms. Areaux and Raymond Miller, III, were also ordered to return money to Ms. Wilkinson and to reimburse her for vehicles used.
Ms. Wilkinson died on November 14, 2004 in Jefferson Parish.
Three days after Ms. Wilkinson's death in a separate proceeding, Ms. Areaux filed a petition for probate of the 2003 testament declared invalid in the interdiction proceedings. The matter proceeded and decedent's granddaughter, Ms. Miller, was confirmed as testamentary executrix of the estate in accordance with the will.
One of Ms. Miller's first acts as executrix was to file a garnishment proceeding against Mr. Finnie in the amount of $34,929.29 in accordance with the consent *144 judgment reached after the judgment of interdiction.
In response, Mr. Finnie filed a motion for summary proceeding to annul the probated testament and to recall the appointment of Ms. Miller as executrix. Mr. Finnie also made allegations of contempt of court and requested sanctions. This motion was based on the fact that the testament was invalidated by the judgment of interdiction; a judgment that was never appealed and that resulted in a consent agreement by all parties to return all property to the estate.
Citing LSA-C.C. art. 394[4], Ms. Areaux filed an opposition to the motion. Her position is that the judgment of interdiction did not affect the validity of the testament executed prior to the judgment. Incongruously, Ms. Areaux does not argue that the power of attorney, also a juridical act invalidated by the interdiction judgment, is now valid. Further, Ms. Areaux's daughter (Ms. Miller) attempts to garnish Mr. Finnie's wages by taking advantage of the consent judgment agreed to by all parties as a result of the interdiction judgment.
Following Ms. Areaux's argument to its natural conclusion, we find that she appears to be asserting she was incorrect in the interdiction claim that decedent was incompetent to handle all of her own affairs. She now asserts that Ms. Wilkinson was incompetent to handle legal affairs, with the notable exception of the will in which Ms. Miller was named as executrix of her grandmother's estate.
The motion for summary judgment was denied by the trial court. It is that ruling that forms the basis of this appeal.

LAW AND ANALYSIS
In brief to this Court, Mr. Finnie asserts that he is entitled to summary judgment as a matter of law because the testament was declared null and void by a final judgment of the trial court. Ms. Areaux counters that, pursuant to LSA-C.C. art. 394, an interdiction judgment cannot invalidate a juridical act made by the interdict prior to the effective date of interdiction.
As we understand Ms. Areaux's argument, she asserts she should be allowed to re-litigate the factual issue of whether decedent was competent to execute the testament. However, all other aspects of the interdiction judgment should remain in tact, including the invalidation of the power of attorney. Further, Ms. Miller, as executrix of the estate, wishes the consent judgment to be upheld; thereby, allowing her to enforce the garnishment of Mr. Finnie's wages.
Summary judgment is appropriate when there are no material issues of fact remaining to be decided and the mover is entitled to judgment as a matter of law.[5] Our review of summary judgments is de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate.[6] An appellate court must ask the same questions as does the trial court in determining whether summary judgment is appropriate: Whether there is a genuine issue of material fact remaining to be decided, and whether the appellant is entitled to judgment *145 as a matter of law.[7] The appellate court must consider whether the summary judgment is appropriate under the circumstances of the case.[8]
A probated testament may be annulled by summary proceeding.[9] In such a proceeding the burden of proof is on the party attempting to show the invalidity of the testament.[10] As Ms. Areaux correctly points out, LSA-C.C. art 394 provides that interdiction does not affect the validity of a juridical act made by the interdict prior to the effective date of interdiction. However, Ms. Areaux's reliance on article 394 is misplaced.
We find that Ms. Areaux's arguments go to the issue of whether the interdiction judgment is a nullity, in that it invalidated a juridical act. Since the interdiction is a final, enforceable judgment, the issue of whether it is a valid judgment must be analyzed in the context of the law on annulment of final judgments.
A party can annul a final judgment for vices of either form or substance.[11] Either vice may render a final judgment null. Vices of form are listed in LSA-C.C.P. art.2002 and cannot be raised by parties who voluntarily acquiesced in the judgment.[12] Therefore, Ms. Areaux is unable to bring an action for nullity for a vice of form because she clearly knew of the petition for interdiction her daughter filed and, further, she clearly acquiesced in judgment by agreeing to the consent judgment that resulted from the judgment of interdiction.
A final judgment may also be annulled for vices of substance when it is obtained by fraud or ill practices.[13] However, no such allegations were made in this case. Further, such an action for nullity can only be brought by direct action, not collaterally.[14] Therefore, we conclude that the interdiction judgment, which invalidated both the power of attorney and the testament, is a valid, enforceable judgment.
We are well aware of the law and jurisprudence that favors testacy over intestacy. Further, we recognize that, at the contradictory trial to probate a testament, its proponent bears the burden of proving the authenticity of the testament and its compliance with all of the formal requirements of law.[15] However, applying the law to the particular facts of this case, we find the trial court erred in denying Mr. Finnie's motion for summary judgment.
The issue of whether the decedent was competent at the time the testament was executed has already been litigated in the interdiction proceeding. In that proceeding, the trial court made a factual finding that Ms. Wilkinson was incompetent to handle her own affairs since October of 1999. That judgment also invalidated the testament, the power of attorney in favor of Mr. Finnie, and all gifts made since that time. The judgment *146 was never appealed and is now a final, enforceable judgment. We also find the consent judgment rendered on June 4, 2004 to be a valid, enforceable judgment.
The testament is invalid. There are no factual issues remaining. Thus, Mr. Finnie is entitled to summary judgment as a matter of law. Accordingly, we hereby reverse the ruling of the trial court and enter a judgment declaring the testament to be null and void. Further, we hereby recall the Order for Probate and Letters of Executrix confirming Ms. Miller as executrix of the succession. We remand the matter to the trial court for further proceedings consistent with this opinion.
REVERSED; JUDGMENT RENDERED; MATTER REMANDED.
NOTES
[1] Some medical reports used in the interdiction proceedings are contained in the record as exhibits.
[2] The document in the record is attached as an exhibit to a pleading in this succession matter and is unsigned. However, none of the parties suggest that the original was not executed and is valid.
[3] Any relationship between decedent and Ms. Landreaux is not clear from the record.
[4] LSA-C.C. art. 394 provides that "[i]nterdiction does not affect the validity of a juridical act made by the interdict prior to the effective date of interdiction."
[5] LSA-C.C.P. art. 966.
[6] Straughter v. Gov't Employees Ins. Co., 02-792 (La.App. 5 Cir. 12/30/02), 836 So.2d 522, 523, appeal after remand on other grounds, 05-699 (La.App. 5 Cir. 3/14/06), 926 So.2d 617.
[7] Id.
[8] Id.
[9] LSA-C.C.P. art. 2931.
[10] LSA-C.C.P. art. 2932.
[11] LSA-C.C.P. art. 2001.
[12] LSA-C.C.P. art. 2003.
[13] LSA-C.C.P. art. 2004.
[14] Russland Enter., Inc. v. City of Gretna, 98-676 (La.App. 5 Cir. 1/26/99), 727 So.2d 1223, writ denied, XXXX-XXXX (La.5/28/99), 743 So.2d 669.
[15] LSA-C.C.P. art. 2903.