MOORE, J.
| francisco Garcia appeals a summary judgment that dismissed his tort claim against his employer, Eldorado Casino, for damages arising from an aggravated battery he received at work. For the reasons expressed, we reverse and remand.

Factual Background

Garcia was employed by Eldorado as a sous-chef in the kitchen. Brian Lewis was a pot washer employed by Full Service Systems Corp. (“FSSC”), a contractor that provided dishwashing services for Eldorado. The contract stated that Eldorado was deemed to be the statutory employer of any FSSC employee.
On the evening of March 9, 2012, Garcia saw Lewis take three snow crab legs that had been removed from the buffet and carried to the kitchen to be thrown away. Eldorado has a strict policy against theft, so Garcia reported the incident to the head chef, who in turn reported it to Lewis’s supervisor, Frank Elizardo.
Elizardo. testified that he confronted Lewis about this in the kitchen, where Lewis was “verbally loud” in the ambient noise, so he went up to his office and had somebody - lead Lewis up for a private meeting. In the office, Elizardo . asked Lewis if anybody had given him the crab legs. Lewis, by this time calm, did not “snitch” on anybody or admit taking the food. Elizardo was adamant that he did not tell Lewis who had reported him, but advised him that whenever an Eldorado employee reports a serious infraction by an FSSC employee, he (Elizardo) has no alternative but to fire that employee. Lewis replied that he understood, and asked to go clear his | ¡.belongings out of his locker. Surveillance video showed Lewis left Elizardo’s office at 8:11 pm.
Lewis apparently went to his locker, took out an umbrella and brass knuckle, and returned to the kitchen. Surveillance video showed he entered the kitchen at 8:34 pm. He came up to Garcia, beat him *740 in the head and neck, and fled the kitchen at 8:35. Garcia lost” consciousness for about 10 minutes'and was seriously injured. The attack itself was out of video range.
As a result of the attack, Lewis was charged with, and pled guilty to, second degree battery; he received 18 months at hard labor. Also, as a result, Eldorado’s compensation carrier, Associates Indemnity Corp„ began paying Garcia temporary total disability benefits of $1,946 a month and medical bills.

Procedural History

In March 2013, Garcia and his wife filed this tort suit against .Lewis, FSSC (Lewis’s employer), and the Eldorado Casino entities.[1] Garcia alleged that Eldorado was vicariously liable for the tort committed by its statutory employee, Lewis. He also alleged that because Lewis, had already amassed four minor infractions in his four months’ employment with FSSC, FSSC should have anticipated he would react violently when fired and taken additional precautions, such as escorting him out of the facility. Garcia further álleged that Eldorado was vicariously liable for FSSC’s negligence on this issue.
IsLewis never responded to the petition, but Garcia took his deposition in Caddo Correctional Center.
Eldorado denied that Lewis was its employee, but primarily raised the affirmative defense that .Garcia’s exclusive remedy was in workers’ compensation, La. R.S. 23:1032. In May 2015, Eldorado filed this motion for summary judgment, attaching in support portions of Garcia’s deposition and answers to interrogatories.
FSSC filed general denials 'and then, in July 2015, its own motion for summary judgment. This contended that Elizardo had fired Lewis some 20 minutes before the battery and thus was not his employer when the tort occurred, and that Lewis’s conduct was sudden and unforeseeable, negating any duty to take special precautions in firing him. In support, FSSC attached extensivé discovery, including Elizardo’s and Lewis’s depositions, and a copy of a pre-employment réport from HireRight, a security company, which found “no court records” on Lewis. It transpired, however, that Lewis had pled guilty to illegal carrying of a firearm on school property in August 2011, some three months before FSSC hired him.[2]
Garcia opposed both motions. As against Eldorado, he argued the exclusive remedy does not apply to intentional torts, La. R.S. 23:1032 B. In support, he attached the deposition of Robert Bruce Mackay, Eldorado’s senior vice-president of administration, who was mostly asked to review a number of FSSC internal documents he had never seen before; however, he Lalso identified Eldorado’s confidential janitorial services agreement with FSSC. He confirmed that under this document, FSSC employees were required to abide by all Eldorado employment guidelines and were “deemed” Eldorado’s statutory employees.

Action in the District Court

A hearing on both motions took place in August 2015. Eldorado reiterated that Garcia’s exclusive remedy was in workers’ compensation; Garcia reurged the inten *741 tional tort exclusion ■ and argued that the assault was “reasonably incidental” to the firing. Eldorado responded that the theft of snow crab legs, and the vicious battery, were purely personal to Lewis, conferred no benefit to Eldorado, and could not possibly be considered employment related. The parties also offered argument, and additional summary judgment evidence, on FSSC’s motion.
The district court granted both Eldorado’s and FSSC’s motions for summary judgment, stating only that this was “based upon the filings, affidavits, and depositions, the law being in favor of the movers[.]” It later rendered judgments in favor of Eldorado, .dismissing all claims, and in favor of FSSC, dismissing certain claims (vicarious liability, negligent hiring, failure to warn) but reserving all other causes of action.
Garcia took this devolutive appeal, challenging only the judgment that dismissed Eldorado.

Applicable Law

The motion for summary judgment is a procedural device used when there is no genuine' issue of material fact for trial. Schultz v. Guoth, 2010-0343 (La.1/19/11), 57 So.3d 1002, and citations therein. The motion shall be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B. The procedure is favored and shall be construed to secure the just, speedy and inexpensive determination of actions. La. C.C.P. art. 966 A(2). Appellate review of summary judgment is de novo. Schultz v. Guoth, supra.
Even' after the 1996 and 1997 amendments to Art. 966 that elevated summary judgment from disfavored to favored status,[3] the courts have continued to hold that the procedure is “seldom appropriate for determinations based on subjective facts of motivé, intent, good faith, knowledge, or malice.” Hogg v. Chevron USA, 2009-2632 (La.7/6/10), 45 So.3d 991; Jones v. Estate of Santiago, 2003-1424 (La.4/14/04), 870 So.2d 1002; Fair Farms Inc. v. Holt, 48,246 (La.App. 2 Cir. 8/28/13), 124 So.3d 25, writ denied, 2013-2322 (La.12/6/13), 129 So.3d 535.
Masters and employers are answerable for the • damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed. La. C.C. art. 2320. An employer can be vicariously liable both for its own intentional acts and the intentional acts of its employees. Jones v. Thomas, 426 So.2d 609 (La.1983). The employer’s liability, however, extends only to those acts which are within the course and scope Lof the injuring employee’s employment. La. C.C. art. 2320; Baumeister v. Plunkett, 95-2270 (La.5/21/96), 673 So.2d 994; Eichelberger v. Sidney, 34,040 (La.App. 2 Cir. 11/03/00), 771 So.2d 863, writ denied, 2000-3476 (La.2/9/01), 785 So.2d 827.
The course of employment refers to time and place. The scope of employment test examines the employment-related risk of injury. For the employer to be vicariously liable, the tortious conduct of the employee must be “so closely connected in time, place, and causation to his employment duties .as to be regarded *742 as a risk of harm fairly attributable to the employer’s business, as compared with conduct instituted by purely personal considerations entirely extraneous to the employer’s interest.” Stacy v. Minit Oil Change Inc., 38,439 (La.App. 2 Cir. 5/12/04), 874 So.2d 384. In LeBrane v. Lewis, 292 So.2d 216 (La.1974), the Louisiana Supreme Court set out four factors in holding an employer vicariously liable for its supervisor’s actions in stabbing a fellow employee: (1) whether the tortious act was primarily employment rooted; (2) whether the violence was reasonably incidental to the performance of the employ- ■ ee’s duties; (3) whether the act occurred on the employer’s premises; and (4) whether it occurred during the hours of employment. The court has subsequently held that not all four factors need be met to impose vicarious liability. Miller v. Keating, 349 So.2d 265 (La.1977); Stacy v. Minit Oil Change, supra. A finding of factors (3) and (4), without more, is insufficient to impose vicarious liability. A finding of scope of employment hinges on the predominant motive of the tortfeasing employee, whether the purpose of |7serving the employer’s business actuated the employee to any appreciable degree. Patrick v. Poisso, 38,841 (La.App. 2 Cir. 9/22/04), 882 So.2d 686.

Discussion: Statutory Employment Status

By his first assignment of error, Garcia urges the court erred in finding that he was not a statutory employee of Eldorado. In support, he cites La. R.S. 23:1061 A(2), which states that a statutory employer relationship “shall exist whenever the services or work provided by the immediate employer [FSSC] is contemplated by or included in a contract between the principal [Eldorado] and any person or entity other than the employee’s immediate employer.” He also cites the portion of the “Janitorial Services Agreement” between FSSC, as contractor, and Eldorado, as principal, stating that Eldorado “shall for all purposes be deemed the statutory employer of each and every employee” of FSSC. He submits that Eldorado offered no evidence to rebut the presumption of statutory employment.
Eldorado responds that Garcia was engaged in his employment duties and drew compensation benefits for his injuries, and thus is subject to the exclusive remedy of workers’ compensation, La. R.S. 23:1032 A(l)(a).
The district court made no specific finding as to statutory employment, but on de novo review this record is sufficient to establish that relationship. La. R.S. 23:1061 A(3) provides, in pertinent part:
When the contract recognizes a statutory employer relationship, there shall be a rebuttable presumption of a statutory relationship between the principal and the contractor’s employees, whether direct or statutory employees. This presumption may be overcome only by showing that the work is not an integral part of or essential to the ability of the ^principal to generate that individual principal’s goods, products, or services.
Moreover, the “Janitorial Services Agreement,” ¶ XIII, provides, in pertinent part:
The parties do hereby stipulate and agree that during the term of this Agreement, Principal [Eldorado] shall for all purposes be deemed the statutory employer of each and every employee of Contractor [FSSC] who shall perform services under this Agreement.
The courts have consistently honored contracts establishing statutory employment for contractors’ employees. Howard v. Georgia Pacific Corp., 583 So.2d 55 (La.App. 2 Cir.1991); Fleming v. JE Merit *743 Constructors Inc., 2007-0926 (La.App. 1 Cir. 3/19/08), 986 So.2d 141. The instant record contains no summary judgment evidence to refute the presumption created by the agreement, such as by showing that FSSC’s work is not part of Eldorado’s principal, trade or occupation. La. R.S. 23:1061 A(l). Garcia’s contention has merit; whether or not the court made an explicit finding, the case must proceed under the finding of statutory employment.
Eldorado correctly shows that this finding limits Garcia to the exclusive remedy, but the exclusive remedy specifically excludes injuries resulting from intentional acts. La. R.S. 23:1032 A(l)(a), B; Benoit v. Capitol Mfg. Co., 617 So.2d 477 (La.1993); Gardner v. Craft, 48,861 (La.App. 2 Cir. 3/6/14), 137 So.3d 69, writ denied, 2014-0711 (La.5/16/14), 139 So.3d 1029. The record contains no summary judgment evidence to refute the showing that Lewis’s brutal second degree battery of Garcia was intentional. Eldorado’s position lacks merit. The remaining question is whether it was employment rooted.
| Employment-Rooted Conduct
By his second assignment of error, Garcia urges the court erred in granting summary judgment when the evidence showed that Lewis attacked him because of a work-related complaint while Lewis was in the process of being fired for that work-related complaint. He submits there were genuine issues of material fact whether • (1) Lewis was fully terminated when the attack occurred and (2) Lewis’s conduct was employment rooted,- creating vicarious liability under Art. 2320. He cites the four-part test for vicarious liability set out in LeBrane v. Lewis, supra, and argues that the employer is liable “when the conduct is so closely connected in time, place and causation to the employment that it constitutes a risk of harm -attributable to the employer’s business.” Menson v. Taylor, 2002-1457 (La.App. 1 Cir. 6/27/03), 849 So.2d 836. He also cites cases which held the employer liable when one employee attacked a co-employee, e.g., Carnes v. Wilson, 48,127 (La.App. 2 Cir. 7/13/13), 118 So.3d 1275; Cowart v. Lakewood Quarters Ltd. P’ship, 2006-1530 (La.App. 1 Cir. 5/4/07), 961 So.2d 1212; and Brumfield v. Coastal Cargo Co., 1999-2756 (La.App. 4 Cir. 6/28/00), 768 So.2d 634, writ denied, 2000-2293 (La.10/27/00), 772 So.2d 658. He argues that the attack was indeed employment rooted, as it was a “direct response” to Garcia’s complaint about Lewis’s job performance, and was thus reasonably incidental to Lewis’s employment duties. He concludes that on this record, a genuine factual issue remains.
Eldorado responds that Lewis’s conduct in stealing crab legs, and then beating up the person who reported the theft, was “entirely extraneous” |into Eldorado’s interest, and in fact antithetical to it. It cites a number of cases in which the employer was found not liable when one employee attacked a co-employee, e.g., Watkins v. International Serv. Sys., 32,022 (La.App. 2 Cir. 6/16/99), 741 So.2d 171, writ denied, 99-2129 (La.10/29/99), 749 So.2d 640; Baumeister v. Plunkett, supra; and Barto v. Franchise Enters., 588 So.2d 1353 (La.App. 2 Cir.1991), writ denied, 591 So.2d 708 (1992).
On de novo review, we find the incident occurred on Eldorado’s premises, during the.hours of employment, and while Lewis was in the process of being fired (or at least immediately after Elizardo had advised him to clear his locker). The evidence satisfies factors (3) and (4) of the test in LeBrane v. Lewis, supra.
We find genuine issues of material fact as to- the first two factors, whether Lewis’s conduct was employment rooted and reasonably incidental to the perform- *744 anee of his duties. Such a finding hinges on the predominant motive of the tortfeas-ing employee. • Patrick v. Poisso, supra. Questions of motive are often unsuited for summary judgment disposition. Jones v. Estate of Santiago, supra. The intent of the assaultive employee is critical. Le-Brane held that an argument may begin as an employment dispute (the supervisor’s complaint with the employee for .arriving late, not being clean-cut, and not leaving the premises when asked) and escalate into a battery, with the result that the employer is liable for the employee’s stab wounds. In Benoit v. Capitol Mfg. Co., supra, an argument over whether, to close the back door.to the machine shop resulted in an assault; even though keeping In the door open was not really a part of the employment, the supreme court reversed the lower courts and found the argument employment rooted. In Cowart v. Lakewood Quarters, supra, the First Circuit recognized that being counseled for complaints about one’s job performance brought the attack into the course and scope of employment. In Garcia v. Furnace & Tube Serv. Inc., 40,517 (La.App. 2 Cir. 1/27/06), 921 So.2d 205, this court affirmed a finding of vicarious liability for a physical altercation that resulted when one employee alerted the quality control supervisor about concerns with the plaintiffs work at the job site.
Other cases have declined to find vicarious liability, such as Stacy v. Minit Oil Change, supra, and Baumeister v. Plunkett, supra, but we note that the fight over a homemade cookie or selecting which videotape to play appeared to be totally extraneous to the employment. This court’s earlier cases of Watkins v. International Serv. Sys., supra, and Barto v. Franchise Enters., supra, are factually much closer to the instant case, but Eldorado has perhaps read too much into the notion that vicarious liability for an assault arises only if the employee is actively serving the employer’s interest. In the recent case of Carnes v. Wilson, supra, we stated:
While, as Select Energy [the employer] argues, Wilson. attacking Carnes does not further its business interests, it is illogical to think that workplace violence ever advances a corporate interest. Apparently, Select Energy’s business inter.ests were advanced on that particular day by having Wilson on Carnes’s work crew.
In short, we cannot state, as a matter of law, that an act.of workplace violence is purely personal and lands outside the course and scope of employment. Garcia’s act of reporting Lewis’s job performance, or failure 113to perform, may well have made Lewis’s conduct employment rooted. The limited facts presented simply do not resolve the issue conclusively. On this record, the grant of summary judgment is improper. The judgment will be reversed and the case remanded for further pro-céedings.
On remand, the parties are reminded that because of our finding that Lewis was a statutory employee of Eldorado’s, Garcia’s elaims against Eldorado are limited to intentional acts, under La. R.S. 23:1032. Any claim of negligence on Eldorado’s part is superseded by the exclusive remedy of workers’ compensation.

Conclusion

For the reasons expressed, the summary judgment is reversed and the case is remanded for further proceedings. Costs associated with the motion for summary judgment are to be paid by the appellees, Eldorado Casino Shreveport Joint Venture, Eldorado Shreveport # 1 LLC and Eldorado Shreveport # 2 LLC.
REVERSED AND REMANDED.

. These are listed as Eldorado Casino Shreveport Joint Venture, Eldorado Shreveport # 1 LLC and Eldorado Shreveport # 2 LLC.

. Garcia later amended his petition to add HireRight as a defendant. Also, Eldorado’s compensation carrier, Associates Indemnity Corp., intervened to recover benefits paid to Garcia. These portions of the case are not before the court on appeal.

. 1996 La. Acts (Ex. Sess.) No. 9, effective May 1, 1996, and 1997 La. Acts No. 483, eff. July 1, 1997; see, generally, Mark Tatum and William Norris III, "Summary Judgments and Partial Summary Judgments in Louisiana: The State We’re In,” 59 La. L. Rev. 131 (1998).