CRICHTON, J.,
additionally concurs and assigns reasons:
hi concur with the majority’s decision to deny this writ application. However, I write separately to emphasize the importance of a correct application of summary judgment procedure, and that the granting of this dispositive motion should be reserved for those instances in which there are truly no genuine issues of material fact. As the appellate court aptly noted, article 966 of the La. Code of Civil Procedure provides that the motion shall be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.Pr. Art. 966(B). Furthermore, the court of appeal in this case observed:
... [Cjourts have also continued to hold that this procedure is “seldom appropriate for determinations based on subjective facts of motive, intent, good faith, knowledge, or malice.” Hogg v. Chevron USA, 09-2632 (La. 7/6/10), 45 So.3d 991; Jones v. Estate of Santiago, 03-1424 (La. 4/14/04), 870 So.2d 1002; Fair Farms Inc. v. Holt, 48-246 (La.App. 2 Cir. 8/28/13), 124 So.3d 25, writ denied, 13-2322 (La. 12/6/13), 129 So.3d 535.
Francisco Garcia, et al. v. Brian Lewis, et al., 50-744, p. 5 (La.App. 2 Cir. 6/22/16), 197 So.3d 738.
*892 In this case, I wholeheartedly agree with the court of appeal that indeed, there exist significant issues of material fact regarding whether the defendant’s | ^conduct was employment rooted, and whether the conduct was reasonably incidental to the performance of his duties. In such a fact-intensive case, a full trial on the merits is warranted.